E-FILED
Monday, 09 April, 2007  03:19:40 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
PEORIA DIVISION

RECEIVED
APR - 4 2007
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RAMON TORO,
                    Petitioner,

v.

J. C. ZUERCHER,
                    Respondent.

Civil No. 07-1083

MOTION FOR A WRIT OF
HABEAS CORPUS PURSUANT
TO 28 U.S.C. § 2241 **FILED**

APR - 9 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## MOTION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

Comes Now the Petitioner Ramon Toro, proceeding pro se and respectfully requests that this Honorable Court grant him a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In support of this motion petitioner states as follows:

### JURISDICTIONAL STATEMENT

Petitioner seeks credit toward the service of his federal sentence for time spent in detention prior to his federal sentence. In other words petitioner claims that the Federal Bureau of Prisons ("BOP") has miscalculated his sentence under 18 U.S.C. § 3585(b) and therefore seeks habeas corpus relief. As such, this Court possesses jurisdiction to entertain petitioner's claim that his sentence is in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); **see also Kayfez v. Gasele, 993 F.2d 1288, 1289 (7th Cir. 1993)**

## STATEMENT OF THE CASE

Although the relevant facts can be characterized as tedious, this case fundamentally presents a straightforward application of the federal statute governing jail credit. **See 18 U.S.C. § 3585.** Petitioner served 25 days in jail that the Federal Bureau of Prisons refuses to credit toward the service of his federal sentence, even though the 25 days qualify for credit under § 3885 (b). Indeed, the jail time was spent in official detention prior to sentencing in his federal case; was a result of his federal offense; and the days have not been credited towards any other sentence. **See 18 U.S.C. § 3585(b)(1)-(2).** Since the BOP refuses to credit the jail time, the federal sentence violates § 3585 and habeas relief is appropriate.

1.    On April 6, 2001, petitioner was arrested for Battery, resisting Arrest and an active warrant for State Criminal Drug Conspiracy. Petitioner was housed at Cook County Jail in Chicago, Illinois, until May 25, 2001, at which time he was released on bond. **See Verification of Incarceration**, attached as Exhibit "A". On April 30, 2001, petitioner was sentenced on Battery and Resisting Arrest charges to 25 days time served. **See BP-9**, attached as Exhibit "F". The days spent in custody between April 30, 2001, to May 25, 2001, were however, not credited to any other sentence and were a result of the Criminal Drug Conspiracy charge. As noted above, petitioner made bond and was subsequently released on May 25, 2001.

-2-

2.    On March 28, 2002, a federal grand jury in the Northern District of Illinois returned a criminal indictment against petitioner.  Count One charged that beginning at least as early as June 2001 and continuing until on or about December 16, 2001, petitioner conspired with Christine Williams and others to possess with the intent to distribute and to distribute in excess of one kilogram of mixtures containing phencyclidine ("PCP") in violation of 21 U.S.C. § 841(a)(1) and § 846.  Count Two alleged that petitioner on or about January 2, 2002, attempted to possess with the intent to distribute in excess of over 100 grams of PCP in violation of 21 U.S.C. § 841 and Count Three concerned the illegal use of a communication facility in the commission of a felony as described in Count Two and in violation of 21 U.S.C. § 843(b). **See Indictment of Ramon Toro,** attached as Exhibit "B".  On August 22, 2002, a superseding indictment was entered adding two counts. **See id.**  Count(s) Four  and Five were added, charging petitioner with distributing PCP on August 2 and 3, 2000, in violation of 21 U.S.C. § 841.  **See id.**

Although petitioner had been in federal confinement and custody since January 2, 2002, on December 2, 2002, the State of Illinois had a hearing on petitioner's state drug conspiracy charge. **See Report of Proceedings in the Circuit Court of Cook County,** attached as Exhibit "C".  At the hearing the State informed the court that petitioner had been indicted on the drug conspiracy in federal court and in light of the federal charges the State requested a dismissal of the state charges.  **See id.** The court thereafter complied.  **See id.**

-3-

3.   In December of 2002, a multi-day jury trial was held
on the federal charges in U.S. District Court for the Northern
District of Illinois.  The government first put on evidence
concerning petitioner's distribution of PCP in August of 2000.
**See Trial Transcripts, at 405-417** (hereinafter **"Tr. __"**).  Chicago
police officers testified that on two different dates petitioner
supplied vials of PCP to undercover officers.  **See Tr. 389-96,
405-417.**

Petitioner's conspiracy with Christine Williams began some-
time in April 2001, when Williams began supplying petitioner's
girlfriend with PCP while petitioner was in jail.  **See Tr. 373-
377.**  At the behest of ring leader Napolean Moore, Williams
supplied petitioner, himself, in Late May or early June of 2001.
**See Tr. 250-263.**  Williams testified that over the next six months
she met with petitioner approximately once a week and supplied
him one pint of PCP each time they met.  **See Tr.322-325.**  The
government also introduced tape recordings of conversations
between petitioner, Williams and Moore in an effort to establish
proof of a consipracty.  **See Tr. 269-304.**

The government's efforts were successful because on December
19, 2002, the jury returned a guilty verdict on all counts against
petitioner.  And on June 2, 2003, the district court sentenced
him to 240 months imprisonment.

4.   Petitioner filed a timely notice of appeal and raised
several issues challenging his conviction.  On March 4, 2004,
the Seventh Circuit Court of Appeals affirmed the conviction.

-4-

See **United States v. Toro, 359 F.3d 879 (7th Cir. 2004)**. Petitioner did not file a petition for certiorari to the Supreme Court.

Petitioner next filed a timely motion to vacate pursuant to 28 U.S.C. § 2255 raising numerous claims of ineffective assistance of counsel and sentencing issues. The district court assigned a case number and the motion is still pending before the court. See **Toro v. United States, No. 05-CV-02905 (N.D. ILL Judge Gotschall)**.

5.    Petitioner is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois. In calculating petitioner's sentence, prison officials credited 546 days. **See Sentencing Monitoring Computation Data,** attached as Exhibit "D". The award of 546 days was based on the time served between January 2, 2002, to July 1, 2003 -- time served between arrest on federal charges until arrival at FCI Pekin. **See** _id_. Notably absent, was any credit for the 25 days spent in state custody for criminal conspiracy between April 30, 2001  to May 25, 2001.

On June 12, 2006, petitioner began the administrative remedy process. Petitioner requested jail credit for the time spent in Cook County Jail and asked that it be applied to his federal sentence pursuant to 18 U.S.C. § 3585. **See Inmate Attempt at Informal Resolution, BP-8,** attached as Exhibit "E". Prison officials denied the request noting that the time served in Cook County Jail was neither related to his federal offense, nor prior to the date of the federal offense. **See** _id_. Petitioner subsequently exhausted his administrative remedy appeals and prison authorities denied each appeal for the reasons outlined above. **See BP-9,**

-5-

**BP-10, BP-11,** attached as Exhibit(s) "F", "G", and "H", respectively.

This petition for a writ of habeas corpus now follows.

## ARGUMENT

This petition for a writ of habeas corpus presents a straight-forward application of a federal statute. Pursuant to 18 U.S.C. § 3585(b), the twenty five days petitioner spent in custody from April to May 25, 2001, must be credited towards the calculation of petitioner's federal sentence. Prison officials have, however, refused to grant petitioner credit for the 25 days in spite of the statutory command on the grounds that the jail time was a result of an offense different from the federal offenses and the jail time was served before the commission of the federal offenses. Upon close inspection neither of these grounds hold any water, as prison authorities have misconstrued relevant facts and mis-applied the unambiguous statutory language of § 3585(b). Peti-tioner is therefore entitled to habeas relief crediting the 25 days towards the federal sentence.

Title 18, United States Code, Section 3585(b) provides:

(b) Credit for prior custody -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

-6-

As the statute makes abundantly clear, the BOP has no latitude in awarding credit if either of the two subsections is applicable to days spent in prior custody -- the word "shall" has been used repeatedly in statutes to connote a nondiscretionary Congressional mandate. **See Anderson v. Yungkay, 329 U.S. 482, 485 (1947); Alabama v. Bozeman, 533 U.S. 146, 152 (2001).**

The 25 days served in response to a state drug conspiracy warrant must be credited to petitioner's federal sentence for two reasons. First, the 25 days was a result of the same offense as petitioner's federal drug conspiracy. **See 18 U.S.C. § 3585(b)(1).** Or, in the alternative, the 25 days prior custody resulted from a seperate offense which occurred during and after the commission of the federal offenses and the jail time has never been credited to another sentence. **See § 3585(b)(2).**

Although § 3585(b)(1) does not define what constitutes a same "offense" for purposes of awarding credit for prior custody, Congress does not legislate on a blank slate. **See c.f., United Sav. Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 371 (1988).** "[W]here Congress uses terms that have accumulated settled meaning under...the common law, a court must infer, unless the statute otherwise dictates, that Congress meant to incorporate the established meaning of these terms." **Neder v. United States, 527 U.S. 1, 21 (1999)**(internal quotation marks omitted). What constitutes a same "offense" has long had a clearly accepted meaning in both legislative and judicial practices -- indeed, the Fifth Amendment's Double Jeopardy Clause speaks in

-7-

exactly the same terms.  **See Blockberger v. United States, 284 U.S. 299, 304 (1932).**  It is therefore apparent that Congress legislated § 3585(b) in light of this longstanding legal lexicon of the Double Jeopardy Clause.  As such, that body of jurisprudence provides the definition of a same offense for § 3585(b)(1) purposes.

The Seventh Circuit has had numerous opportunities to determine if two conspiracies are the "same offense" under the Double Jeopardy Clause.  **See United States v. Sertich, 95 F.3d 520, 523-526 (7th Cir. 1996); United States v. Dortch, 5 F.3d 1056, 1061 (7th Cir. 1993); United States v. Marren, 890 F.2d 924, 935 (7th Cir. 1989).**  1/  For example, in **Sertich** the Seventh Circuit delineated a totality of the circumstances test for deciding whether two conspiracies are really one.  **See id. at 524.**  The court considered a plethora of factors including whether the conspiracies involved the same overt acts, people, places, time period, modus operandi and whether the conspiracies shared similar purposes or objectives.  **See id.**

Petitioner submits that the state drug conspiracy for which he served the 25 days was the same offense as his federal conspir-

---

1/  To view the decisions of other circuits, **see e.g., United States v. Reiter, 848 F.2d 336, 340 (2nd Cir. 1988); United States v. Ciancaglini, 858 F.2d 923, 927 (3rd Cir. 1988); United States v. McDonald, 790 F.2d 1135, 1144 (4th Cir. 1986); In re Grand Jury Proceedings, 797 F.2d 1377, 1380 (6th Cir. 1986); United States v Darden, 70 F.3d 1507, 1518 (8th Cir. 1995).**

acy. _2/_  Both the state and federal drug conspiracies involved the use, possession and distribution of PCP in Chicago, Illinois. Moreover, the purpose of both conspiracies were the same.  Petitioner would purchase quantities of PCP for resale in his neighborhood.  Finally, the State of Illinois unquestionably believed the conspiracy charges were indistinguishable when they dismissed the state charge because petitioner "ha[d] been reindicted on this charge federal."  Exhibit "C", at 3.  Thus, the conspiracies are the same and petitioner is entitled to credit for the 25 days.

If, however, the court finds that the state and federal offenses are seperate and distinct, than § 3585(b)(2) is applicable and petitioner must still be given the 25 days credit.

Subsection (b)(2) applies three prerequisites for crediting time previously served.  **See § 3585(b)(2).**  First, the time served must necessarily be a result of a charge different from the federal offnese.  **See id.**  As noted above, if the court concludes that the state and federal drug conspiracies are not the same offense, than a fortiori this prerequisite is satisfied.

Secondly, the statute requires that the arrest (for which the prior custody begins) must occur after the commission of the federal offense.  **See § 3585(b)(2).**  The key term here is "commission". Absent a clear expression, it is assumed that the legislative purpose is expressed by the ordinary meaning of the word used.  **See Russello v. United States, 464 U.S. 16, 21 (1983).**  The ordinary meaning of "commission"

_2/_  Petitioner has been unsuccessful in securing the state drug conspiracy indictment and police reports which would aid the court in making the same offense determination.  Presumably, the respondent will attain the necessary documents and attach them to their response.  **See 28 U.S.C. § 2249.**

-9-

used in this context, is the "act of doing or perpetrating a crime." **Blacks Law Dictionary, Seventh Edition, at 264.**

The arrest of April 6, 2001, and the continued detention until May 25, 2001, clearly predates the "commission" of three counts contained in the federal indictment. Although the indictment alleges the conspiracy began after the April 6, 2001, arrest, Christine Williams testified that the conspiracies inception occurred in April of 2001 and commenced even while petitioner was in custody at Cook County Jail. **See Tr. 373-377.** Even if the court finds that the commission of the Count One conspiracy took place after petitioner's arrest, it is beyond peradventure that the April 6, 2001, arrest occurred after Counts    Four and Five. Those counts alleged that petitioner distributed PCP to Chicago police officers on August 2 and 3, 2000; approximately eight (8) months prior to the arrest. The prior to the commission of the federal offense prong is fulfilled. **See Kayfez v. Gasele, 993 F.2d 1288, 1289 (7th Cir. 1993).**

The final prerequisite -- that the time served not be credited against another sentence -- also presents no difficulty. Petitioner was arrested on April 6, 2001, and was released on May 25, 2001. See Exhibit "A". On April 30, 2001, petitioner was sentenced to 25 days time served on the Battery and Resisting Arrest charges. See Exhibit "F", Government's response to BP-9. Further detention was continued from April 30 to May 25, 2001, due to the outstanding warrant for state criminal drug conspiracy. That charge was eventually dropped because of the federal indictment.

-10-

See Exhibit "C".  The 25 days have not been credited against any other sentence.  Accordingly, petitioner is entitled to 25 days credit.

Under the express terms of 18 U.S.C. § 3585(b), petitioner is entitled to 25 days credit towards the service of his federal sentence.  Since prison officials have stubbornly refuese to accord petitioner the credit, this writ of habeas corpus should be granted.

## CONCLUSION

Wherefore, petitioner respectfully requests that this Court grant his petitioner for a writ of habeas corpus under 28 U.S.C. § 2241.

Date: 4 - 02 - 07                        Respectfully submitted,


                                         _Ramon Toro_
                                         Ramon Toro, Reg. # 20708-424
                                         Federal Correctional
                                         Institution - Pekin
                                         P. O. Box 5000
                                         Pekin, IL.,   61555-5000

## CERTIFICATE OF SERVICE

I do hereby certify under penalty of perjury that the petition for a writ of habeas corpus was sent to the party below.  Said document was placed in the FCI Pekin legal mail system with postage prepaid on this 31 day of March, 2007/

US Attorneys Office                      _Ramon Toro_
Central District of Illinois             Ramon Toro
100 Monroe Street, NE
Peoria, IL.,  62201

-11-

EXHIBIT "A"

# COOK COUNTY DEPARTMENT OF CORRECTIONS

## Michael F. Sheahan
## Sheriff



2700 South California
Chicago, Illinois 60608
(773)869-2859

**BOARD OF CORRECTIONS**

Esequiel Iracheta
Chairman

Munir Muhammad
Vice Chairman

Howard B. Brookins
Board Member

Gilbert Marchman
Board Member

Frederick D. Sengstacke
Board Member

LAST CCDOC # _01-0099635_

RE: _TORO, RAMON_

YOUR # _—_

D.O.B. _7-24-75_

SSN: _—_

TO WHOM IT MAY CONCERN:

PURSUANT TO YOUR REQUEST, THE FOLLOWING INFORMATION IS SUBMITTED:

| CCDOC # | ENTERED CCDOC | CHARGE | DISCHARGE | RELEASE |
|---|---|---|---|---|
| 01-99635 | 12-19-01 | Felony | 12-25-01 | Bond |
| 01-27282 | 4-06-01 | Felony | 5-25-01 | Bond |
| 00-14769 | 2-24-00 | Felony | 2-28-00 | IDOC |
| 99-61299 | 8-9-99 | Felony | 8-17-99 | Bond |
| 97-95364 | 11-28-97 | Felony | 12-18-97 | Bond |
| 95-01637 | 1-8-95 | Felony | 1-08-95 | Bond |

NAME: _Jim Myhul_

DATE: _4-3-02._

# COOK COUNTY DEPARTMENT OF CORRECTIONS

Michael F. Sheahan
Sheriff



2700 South California
Chicago, Illinois 60608

Verification of Incarceration

CCDOC # _01-0027282_                    Date: _4-3-06_

RE: _TORO, RAMON_

ALIAS: _____

DOB: _7-24-75_

SSN # _____

IR # _1095451_


To whom it may concern:

Pursuant to your request the following information is submitted:

Date Entered: _4-6-01_                    How Released: _BOND_

Date Released: _5-25-01_                   Court: _CRIMINAL_

Case / Indictment #: _W 01CR05852 -13_

_____

Charge: _CALC CRIM DRUG CONSP_
        _DIM BATT/BOA_

Electronic Monitoring / Day Reporting

From: _____ To: _____         Office of Old Records
                                                  M. Rago Supervisor
From: _____ To: _____            773-843-6150

From: _____ To: _____

                                    Completed By _____

EXHIBIT "B"

MAGISTRATE JUDGE BOBRICK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 2 2 2002

UNITED STATES OF AMERICA    )
                            )
            vs.             )   No. 02 CR 07
                            )   Violations: Title 21, United
RAMON TORO, also known as   )   States Code, Sections
"Junior," "J.R.," and "J"   )   841(a)(1), 843(b) and 846,
                            )   Title 18, United States Code,
                            )   Section 2
                            )
                            )   **SUPERSEDING INDICTMENT**

### COUNT ONE

The SPECIAL MAY 2001 GRAND JURY charges:

1.    Beginning in or about June 2001, and continuing until on
or about December 16, 2001, at Chicago, in the Northern District of
Illinois, Eastern Division, and elsewhere,

                    RAMON TORO, also known as
                  "Junior," "J.R.," and "J,"

defendant herein, conspired and agreed with Christine Williams and
others known and unknown to the Grand Jury knowingly and
intentionally to possess with intent to distribute and to
distribute a controlled substance, namely, in excess of one
kilogram of mixtures containing phencyclidine ("PCP"), a Schedule
III Narcotic Drug Controlled Substance, in violation of Title 21,
United States Code, Section 841(a)(1).

2.    It was part of the conspiracy that defendant RAMON TORO
and Christine Williams agreed that the defendant would purchase and
obtain wholesale quantities of PCP from Williams for resale to
others.

3.    It was further part of the conspiracy that defendant RAMON TORO and Christine Williams typically communicated by telephone, using coded language to discuss the terms of their PCP transactions and to confirm the locations at which these transactions were to occur.

4.    It was further part of the conspiracy that defendant RAMON TORO regularly purchased and obtained wholesale quantities of PCP from Christine Williams at locations in Chicago, Illinois for resale to others.

5.    It was further part of the conspiracy that defendant RAMON TORO misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the purpose of and the acts done in furtherance of the conspiracy.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about January 2, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

RAMON TORO, also known as
"Junior," "J.R.," and "J,"

defendant herein, knowingly and intentionally attempted to possess with intent to distribute a controlled substance, namely, in excess of 100 grams of mixtures containing phencyclidine ("PCP"), a Schedule III Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 846.

## COUNT THREE

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about January 2, 2002, in the Northern District of Illinois, Eastern Division,

RAMON TORO, also known as
"Junior," "J.R.," and "J,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, attempt to possess with intent to distribute a controlled substance, as charged in Count Two of this Indictment; that is, the defendant and Christine Williams discussed the defendant's purchase of in excess of 100 grams of mixtures containing phencyclidine ("PCP") from Williams;

In violation of Title 21, United States Code, Section 843(b).

## COUNT FOUR

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about August 2, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

RAMON TORO, aka "Junior", "J.R.", and "J",

defendant herein, knowingly and intentionally distributed a controlled substance, namely, mixtures containing phencyclidine ("PCP"), a Schedule III Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

-5-

## COUNT FIVE

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about August 3, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

RAMON TORO, aka "Junior", "J.R.", and "J",

defendant herein, knowingly and intentionally distributed a controlled substance, namely, mixtures containing phencyclidine ("PCP"), a Schedule III Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL:

_____

F O R E P E R S O N

_____

UNITED STATES ATTORNEY

-6-

EXHIBIT "C"

1    STATE OF ILLINOIS    )
                          )    SS:
2    COUNTY OF C O O K    )

3         IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
               COUNTY DEPARTMENT - CRIMINAL DIVISION

4    PEOPLE OF THE STATE        )
5    OF ILLINOIS,               )    Criminal
                                )
6         VS                    )    Case No.  01 CR 5852
                                )
7    RAMON TORO                 )

8

9                        REPORT OF PROCEEDINGS had at the

10   hearing of the above-entitled cause, before the

11   HONORABLE FRED G. SURIA, Judge of said court, on the

12   2nd day of December, A.D., 2002.

13        PRESENT:

14             MR. RICHARD A. DEVINE,
               State's Attorney of Cook County, by:
15             MR. PATRICK ARNOLD,
               Assistant State's Attorney,

16

17                  appeared for the people;

18        MR. CHARLES INGLES,

19                  appeared for the defendant.

20

21

22   Cecilia A. Peterson, CSR
     Official Court Reporter
     Circuit Court of Cook County
23   Criminal Division
     CSR # 084-001826

24

**O F F I C I A L   C O U R T   R E P O R T E R S**

UIT COURT
OF
IK COUNTY

NAL COURTS
UILDING

. CALIFORNIA
OM 4C02
GO, IL 60608
) 890-6065

1    Proceedings of 12-2-02
     Pages 1 through 4

2                        I N D E X

3
     motion state nolle pros                    3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1          THE CLERK:  Ramon Toro.

2          MR. INGLES:  Good morning.  Chuck Ingles on behalf

3    of Mr. Ramon Toro.

4          MR. ARNOLD:  Patrick Arnold, Assistant State's

5    Attorney.  As we discussed last time, this defendant

6    is in federal custody.  I've learned from his attorney

7    that he has been reindicted on this charge federal,

8    02 CR 707.  In light of that, motion state nolle pros

9    at this time to all charges here on the state level.

10         MR. INGLES:  So in light of that, your Honor,

11   we'll demand trial on these charges.

12         THE COURT:  On Ramon Toro, motion state nolle pros

13   allowed based on federal charges.

14                              (WHICH WERE ALL THE

15                               PROCEEDINGS HAD IN THE

16                               ABOVE-ENTITLED CAUSE.)

17

18

19

20

21

22

23

24

1    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          COUNTY DEPARTMENT - CRIMINAL DIVISION

2

3          I, Cecilia A. Peterson, an Official Court

4    Reporter of the Circuit Court of Cook County, County

5    Department - Criminal Division, do hereby certify that

6    I reported in shorthand the proceedings had in the

7    above-entitled cause; that I thereafter caused the

8    foregoing to be transcribed into typewriting, which I

9    hereby certify to be a true and accurate transcript of

10   the proceedings had before the Honorable FRED G.

11   SURIA, Judge of said court.

12

13

14

15

16                      Official Court Reporter
                        CSR # 084-001826

17

18

19

20

21

22

23

24

EXHIBIT "D"

```
 PEKCD  540*23 *          SENTENCE MONITORING          *      09-04-2003
PAGE 002 OF 002 *          COMPUTATION DATA            *      12:01:26
                           AS OF 09-04-2003
```

REGNO..: 20708-424 NAME: TORO, RAMON

------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-04-2003 AT PEK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN...........: 07-02-2003
TOTAL TERM IN EFFECT.............:   240 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    20 YEARS
EARLIEST DATE OF OFFENSE.........: 01-01-2002
```

```
JAIL CREDIT......................:    FROM DATE      THRU DATE
                                      01-02-2002     07-01-2003
```

```
TOTAL PRIOR CREDIT TIME..........: 546
TOTAL INOPERATIVE TIME...........: 0
TOTAL GCT EARNED AND PROJECTED..: 940
TOTAL GCT EARNED.................: 54
STATUTORY RELEASE DATE PROJECTED: 06-06-2019
SIX MONTH /10% DATE..............: 12-06-2018
EXPIRATION FULL TERM DATE........: 01-01-2022
```

```
PROJECTED SATISFACTION DATE......: 06-06-2019
PROJECTED SATISFACTION METHOD...: GCT REL
```

G0000       TRANSACTION SUCCESSFULLY COMPLETED

EXHIBIT "E"

Part B - Response
Administrative Remedy #419359-F1

This is in response to your Request for Administrative Remedy in which you allege your current sentence computation is incorrect. You request that you receive jail credit from April 6, 2001 through May 25, 2001.

An investigation into this matter revealed that you were arrested for Battery, Resisting Arrest and an active warrant for drug charges out of the Circuit Court of Cook County on April 6, 2001. You were then transported to the Cook County Jail and held until May 25, 2001, at which time you were released on bond for the drug charges. For the Battery and Resisting Arrest charges, you were sentenced on April 30, 2001 to 25 days time served. This arrest was prior to the date of federal offense and per the United States Probation Officer was not related to the federal offense. Based on this information you are not entitled to this jail credit pursuant to 18:3585(b) "Credit for prior custody a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1): as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

Based on the above, your request for relief is denied. If you are not satisfied with this response, you may appeal on the appropriate form to the Regional Director within twenty days of the date of this response.

R. V. Veach, Warden

7/20/06

Date

## FEDERAL CORRECTIONAL INSTITUTION
## PEKIN, ILLINOIS

### INMATE ATTEMPT AT INFORMAL RESOLUTION
*******************************************************************

In accordance to Bureau of Prison's Program Statement 1330.11 Administrative Remedy for Inmates, any inmates attempting to seek formal review of a complaint must first attempt to resolve the complaint by presenting it to a staff member. The staff member must attempt to resolve the matter prior to the issuance of a Request for Administrative Remedy (BP-9) to the inmate.
*******************************************************************

1. Briefly explain the nature of your complaint. You must include all pertinent details and facts that support your case.

I am filing this administrative remedy in response to prior jail credit which I have not received. On July 02, 2003, I was sentenced in federal court to a conspiracy to possess with the intent to distribute a controlle substance. This case arose from an Illinois State case which charged me with criminal conspiracy to distribute. This Illinois state criminal conspiracy case was dropped after the federal government indicted me.

(CONTINUATION)

2. What action do you wish to be taken to resolve this matter?

I request that a new "Sentencing Monitoring Computation Data" be updated and that I receive 49 days jail credit for the time I served in Cook County jail between April 06, 2001 and May 25, 2001. This would change my prior jail credit time from 546 days to 595 days.

Ramon Toro #20708-424                    IL - 1                    5-12-06
Inmate's Name & Reg. No.                 Unit                     Date
*******************************************************************

3. The staff member attempting to resolve this matter will indicate below the steps taken and will return this to the inmate.

The above dates in question were not related to your instant federal offense; they are prior to you date of federal offense. Therefore you are not entitled to this credit.

_____, 8125                            6-22-06
Staff Member's Name & Title              Date

Comments of Reviewing Official:

Cmair

Reviewed by: _____                     6-22-06
Signature & Title of reviewing official  Date

**BP-8**
**Toro, Ramon**
**Reg. No. 20708-424**
**(Con't.)**

claim was handled in a haphazard manner.  Under the Administrative
Procedures Acy my claim of additional jail credit must be invest-
igated by staff.  I have attached the appropriate documentation in
my BP-8 but I was dismissed out of hand with no investigation and
denied for erroneous reasons.  A failure to investigate my claim,
(especially since it is meritorious), can result in litigation
against staff.

In any event, I once again request a new "Sentencing Monitor-
ing Computation Data Sheet" that reflects an additional forty-nine
(49) days of jail credit.

DATE:  7-02-06

Ramon Toro 20708-424
Ramon Toro
Reg. No. 20708-424

1    STATE OF ILLINOIS   )
                         )   SS:
2    COUNTY OF C O O K   )

3         IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
               COUNTY DEPARTMENT - CRIMINAL DIVISION
4

     PEOPLE OF THE STATE      )
5    OF ILLINOIS,             )   Criminal
                              )
6         VS                  )   Case No.   01 CR 5852
                              )
7    RAMON TORO               )

8

9                    REPORT OF PROCEEDINGS had at the

10   hearing of the above-entitled cause, before the

11   HONORABLE FRED G. SURIA, Judge of said court, on the

12   2nd day of December, A.D., 2002.

13        PRESENT:

14             MR. RICHARD A. DEVINE,
               State's Attorney of Cook County, by:
15             MR. PATRICK ARNOLD,
               Assistant State's Attorney,

16

17                  appeared for the people;

18             MR. CHARLES INGLES,

19                  appeared for the defendant.

20

21
     Cecilia A. Peterson, CSR
22   Official Court Reporter
     Circuit Court of Cook County
23   Criminal Division
     CSR # 084-001826

24

O
F
F
I
C
I
A
L

C
O
U
R
T

R
E
P
O
R
T
E
R
S

:UIT COURT
   OF
JK COUNTY

NAL COURTS
UILDING

. CALIFORNIA
)OM 4C02
GO, IL 60608
) 890-6065

1       THE CLERK:  Ramon Toro.

2         MR. INGLES:  Good morning.  Chuck Ingles on behalf

3    of Mr. Ramon Toro.

4         MR. ARNOLD:  Patrick Arnold, Assistant State's

5    Attorney.  As we discussed last time, this defendant

6    is in federal custody.  I've learned from his attorney

7    that he has been reindicted on this charge federal,

8    02 CR 707.  In light of that, motion state nolle pros

9    at this time to all charges here on the state level.

10        MR. INGLES:  So in light of that, your Honor,

11   we'll demand trial on these charges.

12        THE COURT:  On Ramon Toro, motion state nolle pros

13   allowed based on federal charges.

14                            (WHICH WERE ALL THE

15                             PROCEEDINGS HAD IN THE

16                             ABOVE-ENTITLED CAUSE.)

17

18

19

20

21

22

23

24

1         IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
              COUNTY DEPARTMENT - CRIMINAL DIVISION

2

3              I, Cecilia A. Peterson, an Official Court

4     Reporter of the Circuit Court of Cook County, County

5     Department - Criminal Division, do hereby certify that

6     I reported in shorthand the proceedings had in the

7     above-entitled cause; that I thereafter caused the

8     foregoing to be transcribed into typewriting, which I

9     hereby certify to be a true and accurate transcript of

10    the proceedings had before the Honorable FRED G.

11    SURIA, Judge of said court.

12

13

14

15

16                            Official Court Reporter
                              CSR # 084-001826

17

18

19

20

21

22

23

24

1  Proceedings of 12-2-02
   Pages 1 through 4

2
                        I N D E X
3
   motion state nolle pros                    3
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# COOK COUNTY DEPARTMENT OF CORRECTIONS

Michael F. Sheahan
Sheriff



2700 South California
Chicago, Illinois 60608

Verification of Incarceration

CCDOC # *01-0027282*                    Date: *4-3-06*

RE: *TORO, RAMON*

ALIAS: _____

DOB: *7-24-75*

SSN # _____

IR # *1095451*

To whom it may concern:

Pursuant to your request the following information is submitted:

Date Entered: *4-6-01*              How Released: *BOND*

Date Released: *5-25-01*            Court: *CRIMINAL*

Case / Indictment #: *W 01CR05852 -13*

_____

Charge: *CALC CRIM DRUG CONSP*
*Dom BATT/BoA*

Electronic Monitoring / Day Reporting

From: _____  To: _____          Office of Old Records

From: _____  To: _____          M. Rago Supervisor
                                               773-843-6150
From: _____  To: _____

Completed By _____

# COOK COUNTY DEPARTMENT OF CORRECTIONS

## Michael F. Sheahan
### Sheriff



2700 South California
Chicago, Illinois 60608
(773)869-2859

**BOARD OF CORRECTIONS**

Esequiel Iracheta
Chairman

Munir Muhammad
Vice Chairman

Howard B. Brookins
Board Member

Gilbert Marchman
Board Member

Frederick D. Sengstacke
Board Member

LAST CCDOC # _01-0099635_

RE: _TORO, RAMON_

YOUR # _____

D.O.B. _7-24-75_

SSN: _____

TO WHOM IT MAY CONCERN:

PURSUANT TO YOUR REQUEST, THE FOLLOWING INFORMATION IS SUBMITTED:

| CCDOC # | ENTERED CCDOC | CHARGE | DISCHARGE | RELEASE |
|---------|---------------|--------|-----------|---------|
| 01-99635 | 12-19-01 | FELONY | 12-25-01 | BOND |
| 01-27282 | 4-06-01 | FELONY | 5-25-01 | BOND |
| 00-14769 | 2-27-00 | FELONY | 2-28-00 | IDOC |
| 99-61299 | 8-9-99 | FELONY | 8-17-99 | BOND |
| 97-95364 | 10-28-97 | FELONY | 12-28-97 | BOND |
| 95-01637 | 1-8-95 | FELONY | 1-08-95 | BOND |

NAME: _____

DATE: _4-3-06._

**EXHIBIT "F"**

U.S. DEPARTMENT OF JUSTICE

**REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Toro, Ramon      20708-424      Illinois 1      FCI Pekin
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT      INSTITUTION

**Part A– INMATE REQUEST**    On June 12, 2006, I filed a BP-8 Request for Administrative Remedy. In the BP-8 I sought a new "Sentencing Monitoring Computation Data Sheet" to reflect jail credit of an additional forty-nine (49) days that I previously served between April 6, 2001 to May 25, 2001, in Cook County, Illinois. The BP-8 response denied my request and stated that this jail credit was not related to my federal charge and was prior to the date of my federal offense. For the following reasons I again request credit for these forty-nine (49) days. First, this jail credit was for an Illinois State case of criminal drug conspiracy. See attachment "B", BP-8. As the transcripts reveal, this case was dropped by Illinois because I had been indicted on the identical charge in federal court. Thus, contrary to the BP-8 response, the jail credit was entirely related to my federal instant offense. Second, although the jail credit was prior to the date of my federal indictment, it was not prior to my federal instant offense. The same conduct for which I was charged in State Court was the basis for my federal offense. Whether I served this time before my federal indictment was issued is irrelevant to the question of whether I should receive this jail credit. Lastly, the BP-8 response has the appearance that my

7-02-06
DATE

Ramo_7/80 20708-424
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

---

     DATE                               WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

CASE NUMBER: 419359-F1

**Part C– RECEIPT**

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
     DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)      BP-229(13)

## CONTINUATION

See Attachment "A". Report of Proceedings.  Nevertheless, I
served 49 days in county jail on the state charge which should
be credited towards my federal sentence.  See Attachment "B",
Verification of Incarceration on Case No.: W01CR05852-13.  Since the
Illinois State and the Federal cases were essentially the same I should
receive 49 days jail credit.

Ramon Toro
Reg. No.: 20708-424
Federal Correctional Institution
P. O. Box 5000
Pekin, IL.,  61555-5000

Part B - Response
Administrative Remedy #419359-F1

This is in response to your Request for Administrative Remedy in which you allege your current sentence computation is incorrect. You request that you receive jail credit from April 6, 2001 through May 25, 2001.

An investigation into this matter revealed that you were arrested for Battery, Resisting Arrest and an active warrant for drug charges out of the Circuit Court of Cook County on April 6, 2001. You were then transported to the Cook County Jail and held until May 25, 2001, at which time you were released on bond for the drug charges. For the Battery and Resisting Arrest charges, you were sentenced on April 30, 2001 to 25 days time served. This arrest was prior to the date of federal offense and per the United States Probation Officer was not related to the federal offense. Based on this information you are not entitled to this jail credit pursuant to 18:3585(b) "Credit for prior custody a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1): as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

Based on the above, your request for relief is denied. If you are not satisfied with this response, you may appeal on the appropriate form to the Regional Director within twenty days of the date of this response.

R. V. Veach, Warden

7/20/06

Date

EXHIBIT "G"

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Toro, Ramon | 20708-424 | Illinois 1 | FCI Pekin |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

On July 20, 2006, the Warden denied my BP-9 request. The BP-9 requested that a new "Sentencing Monitoring Computation Data Sheet" to reflect an additional forty-nine, (49) days of jail credit that I served in Cook County, Illinois. The warden denied the request because he believed this credit for jail time was related to a different state case instead of my instant federal case. However, the documents I submitted in support clearly show that the time I served in Cook County was for drug conspiracy – which was subsequently dropped because I was federally indicted for the same offense. Therefore, under 18 U.S.C. § 3585(b) I should receive forty-nine (49) days for the time I served in Cook County on the charge of drug conspiracy.

_____        _____
DATE                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____        _____
DATE                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                 CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Admin Remedy Number**: 419359-R1

This is in response to your Regional Administrative Remedy Appeal dated August 2, 2006, wherein you claim you did not receive 49 days jail credit for time spent in the Cook County Jail from April 6, 2001, through May 25, 2001. For relief, you request that credit be awarded.

We have reviewed your appeal and relevant documentation. We find that the jail credit you have requested is inapplicable for award. The dates you request credit for were prior to the date of your federal offense. In addition, the United States Probation Officer verified with institution staff that the charges for which you spent time in the Cook County Jail are not related to your federal offense.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

9/6/06
Date

Michael K. Nalley, Regional Director

EXHIBIT "H"

RAMON TORO, 20708-424
PEKIN FCI     UNT: ILLINOIS     QTR: A01-135L
P.O. BOX 7000
PEKIN,  IL 61555

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Toro, Ramon _____ 20708-424 _____ Illinois 1 _____ FCI Pekin
　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

**Part A--REASON FOR APPEAL** On September 6, 2006, my Regional Administrative Remedy Appeal (BP-10) was denied. However, I did not receive the denial here at FCI Pekin until September 19, 2006. In this BP-11 I am requesting jail credit of twenty-five (25) days for time served between April 30, 2001, through May 25, 2001, in Cook County jail. I also request that a new Sentencing Data Computation Sheet reflect a credit of twenty-five (25) days.

On April 6, 2001, I was arrested in Cook County, Illinois, on the charges of Battery, Resisting Arrest and on a warrant for a drug conspiracy. I was transported to the Cook County jail where I was held until May 25, 2001, at which time I was released on bond. For the Battery and Resisting Arrest charges I was sentenced on April 30, 2001, to 25 days time served. See Verification of Incarceration and Sentencing Calculation Sheet from the Cook County Department of Corrections, attached on my BP-8. The time served between April 30, 2001 to May 25, 2001, was not credited against another sentence.

On December 2, 2002, I appeared before the Circuit Court of Cook County, on the state drug conspiracy charge. At that time it was noted that I had been indicted on a federal conspiracy charge. In light of the federal conspiracy

10 - 04 - 06
DATE

*Ramon Toro*
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
OCT 1 ? 2006
Administrative Remedy Section

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: 419359-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

●  . .  ▲

**BP-11**
**(Continuation)**
**Toro, Ramon**
**Reg. No. 20708-424**

indictment, the State dismissed their drug conspiracy charge
against me.

Under Title 18, United States Code, Section 3585(b), I am
entitled to the twenty-five (25) days.  First, the twenty-five
(25) days served was a result of the offense for which I was
sentenced in federal court.  Both the state and federal drug
conspiracy charges arose from the same conduct.  See § 3585(b)(1).
Second, the time served between April 30, 2001 through May 25, 2001,
occurred after the commission of my federal offense and that time
was never credited against another sentence.  See § 3585(b)(2).
Therefore, there is no dispute that the twenty-five (25) days I seek
qualify for credit.  **See generally, Kaylez v. Gasele, 993 F.2d
1288, 1289 (7th Cir. 1993).**

10-04-06
‾‾‾‾‾‾‾‾‾‾
Date

*Reiman Toro*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Signature of Requester

-2-

**Administrative Remedy No.   419359-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contend that your federal sentence should reflect additional prior custody credit, specifically, from April 30, 2001, through May 25, 2001.

You provide no new information in this matter beyond that which you supplied in your Request for Administrative Remedy at the Institution and Regional Office levels. A review of your record indicates you committed your federal offenses between June of 2001 and January 2, 2002. Federal statute precludes the application of prior custody credit for time spent in custody prior to the commission of the federal offense based on unrelated charges. Your federal sentence has been computed as directed by federal statute, case law and Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

Your appeal is denied.

_November 8, 2006_
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals