**E-FILED**
Wednesday, 22 August, 2007  08:17:14 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

RAMON TORO,                                )
                                           )
                  Petitioner,              )
                                           )
        v.                                 )        Case No. 07-1083
                                           )
J.D. ZUERCHER, Warden, Pekin F.C.I.,       )
                                           )
                  Respondent.              )

**MOTION TO DISMISS PETITION**
**FOR WRIT OF HABEAS CORPUS**

Now comes the respondent, J.D. Zuercher, Warden, FCI-Pekin, by and through his

attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and

Thomas A. Keith, Assistant United States Attorney, and pursuant to 28 U.S.C. § 2244(a) moves

to dismiss the petition filed herein by petitioner.  In support hereof, respondent states:

**Procedural Background[1]**

The Petitioner was indicted in the Northern District of Illinois, Case No. 02-CR-07, for the

following violations 1) Conspiracy to Possess with Intent to Distribute a Controlled Substance,

beginning in June 2001, and continuing until December 1, 2001; 2) Attempt to Possess with

Intent to Distribute a Controlled Substance on January 2, 2002, 3) Use of a Telephone in

Commission of a Felony on January 2, 2002, and 4) two counts of Distribution of a Controlled

Substance on August 2, 2000 and August 3, 2000.  (App.1-6) Petitioner was arrested on those

charges on January 2, 2002 and remained in federal custody.  (App.7)

On September 9, 2003, the Petitioner was sentenced to a total of 240 months of

imprisonment on all five counts.  (App.8,12) Prior to his arrest on the federal charges, the

Petitioner was arrested on April 5, 2001, for state charges, Battery and Resisting Arrest, by the

---

[1]References to documents in the appendix to this motion are to "App.__".

Chicago, Illinois, police. (App. 17)  On April 30, 2001, petitioner pled guilty to those state

charges; and was sentenced to 25 days, time considered served. (App.17) The Petitioner,

however, was not released from Cook County Department of Corrections until May 25, 2001.

(App. 18) Once designated to serve his Federal sentence at the Federal Correctional Institution,

Pekin, Illinois, the Petitioner's sentence computation indicated that his federal sentence

commenced on July 2, 2003. (App.19) The Petitioner was given prior custody credit from the

date of his federal arrest on January 2, 2002, through July 1, 2003. (App.19)

On April 9, 2007, the Petitioner filed the instant Petition for Writ of Habeas Corpus,

pursuant to 28 U.S.C. § 2241, alleging that he is entitled to credit for pre federal sentence,

under Title 18 U.S.C. § 3585 (b), for time he spent in custody at the Cook County Jail in

Chicago, Illinois, from April 30, 2001, until his release on May 25, 2001. (R.1,pp.10,11)

**Analysis**

Section 3585 (b) of Title 18, United States Code, states:

> "a defendant shall be given credit toward the service of a term of imprisonment
> for any time he has spent in official detention prior to the date the sentence
> commences–(1) as a result of the offense for which the sentence was imposed;
> or (2) as a result of any other charge for which the defendant was arrested after
> the commission of the offense for which the sentence was imposed; that has not
> been credited against another sentence." (App. 11)

Here, the Petitioner was convicted on five (5) counts.  The offenses in two (2) of the

counts occurred in August 2000, prior to his arrest by the state in April 2001.  It appears, from

the record, the Bureau, however considered only the date of offense for the three (3) counts

which concluded in 2002.  (App. 8)

Review of the record confirmed the earliest date of the federal offense for which the

sentence was imposed was August, 2000, and pursuant to 18 U.S.C. § 3585 (b)(2), the

Petitioner should receive credit for time in custody from May 1, 2001, through May 25, 2001.

On August 15, 2007, the Bureau updated the Petitioner's sentence computation and awarded

credit for this period, resulting in a projected released date of May 12, 2019.  (App.29-30)

WHEREFORE, for the foregoing reasons, this Court should dismiss this

§ 2241 petition as moot.

Respectfully submitted,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY

s:/ Thomas A. Keith
Thomas A. Keith
Assistant United States Attorney
211 Fulton Street, Suite 400
Peoria, IL   61602
Telephone:  309/671-7050

3

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2007, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy of the Motion has been made on the petitioner by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

Ramon Toro
Reg. #20708-424
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

s:/ Lisa Burnside
Lisa Burnside
Paralegal Specialist

## <u>APPENDIX TABLE OF CONTENTS</u>

Superseding Indictment, Case No. 02 CR 07, 7 pages. . . . . . . . . . . . . . . . . .App.1-7

Presentence Investigation Report, 1 page . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App.8

Individual Custody and Detention Report (USM 129), 2 pages . . . . . . . . . App.9-10

Judgment in Case No. 02 CR 07, 7 pages . . . . . . . . . . . . . . . . . . . . . . . . . . App.10-16

Presentence Investigation Report, 1 page . . . . . . . . . . . . . . . . . . . . . . . . . . . App.17

Cook County Department of Corrections,
Verification of Incarceration, 1 page . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .App.18

Sentence Monitoring Computation Data, as of 9/4/03, 1 page . . . . . . . . . . . App.19

Request for Administrative Remedy Appeal and Response
419359-F1, 3 pages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App.20-22

Regional Administrative Remedy Appeal and Response
419359-R1, 2 pages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App.23-24

Central Office Administrative Remedy Appeal and Response
419359-A1, 3 pages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App.25-27

Program Statement 5880.28, Sentence Computation Manual, 1 page. . . . . . App.28

Sentence Monitoring Computation Data, as of 8/15/07, 2 pages . . . . . .  App.29-30

*Attachment #1*

MAGISTRATE JUDGE BOBRICK

AUG 22 2002

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA )
         vs. )
RAMON TORO, also known as )
"Junior," "J.R.," and "J" )
    )
    )
    )

No. 02 CR 07
Violations: Title 21, United
States Code, Sections
841(a)(1), 843(b) and 846,
Title 18, United States Code,
Section 2

### SUPERSEDING INDICTMENT

### COUNT ONE

The SPECIAL MAY 2001 GRAND JURY charges:

1. Beginning in or about June 2001, and continuing until on or about December 16, 2001, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RAMON TORO, also known as
"Junior," "J.R.," and "J,"

defendant herein, conspired and agreed with Christine Williams and others known and unknown to the Grand Jury knowingly and intentionally to possess with intent to distribute and to distribute a controlled substance, namely, in excess of one kilogram of mixtures containing phencyclidine ("PCP"), a Schedule III Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. It was part of the conspiracy that defendant RAMON TORO and Christine Williams agreed that the defendant would purchase and obtain wholesale quantities of PCP from Williams for resale to others.

3.    It was further part of the conspiracy that defendant RAMON TORO and Christine Williams typically communicated by telephone, using coded language to discuss the terms of their PCP transactions and to confirm the locations at which these transactions were to occur.

4.    It was further part of the conspiracy that defendant RAMON TORO regularly purchased and obtained wholesale quantities of PCP from Christine Williams at locations in Chicago, Illinois for resale to others.

5.    It was further part of the conspiracy that defendant RAMON TORO misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the purpose of and the acts done in furtherance of the conspiracy.

All in violation of Title 21, United States Code, Section 846.

-2-

## COUNT TWO

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about January 2, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

RAMON TORO, also known as
"Junior," "J.R.," and "J,"

defendant herein, knowingly and intentionally attempted to possess with intent to distribute a controlled substance, namely, in excess of 100 grams of mixtures containing phencyclidine ("PCP"), a Schedule III Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 846.

-3-

## COUNT THREE

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about January 2, 2002, in the Northern District of Illinois, Eastern Division,

RAMON TORO, also known as
"Junior," "J.R.," and "J,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, attempt to possess with intent to distribute a controlled substance, as charged in Count Two of this Indictment; that is, the defendant and Christine Williams discussed the defendant's purchase of in excess of 100 grams of mixtures containing phencyclidine ("PCP") from Williams;

In violation of Title 21, United States Code, Section 843(b).

-4-

<u>COUNT FOUR</u>

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about August 2, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

RAMON TORO, aka "Junior", "J.R.", and "J", defendant herein, knowingly and intentionally distributed a controlled substance, namely, mixtures containing phencyclidine ("PCP"), a Schedule III Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT FIVE</u>

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about August 3, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

RAMON TORO, aka "Junior", "J.R.", and "J",

defendant herein, knowingly and intentionally distributed a controlled substance, namely, mixtures containing phencyclidine ("PCP"), a Schedule III Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.


A TRUE BILL:


_____
F O R E P E R S O N


_____
UNITED STATES ATTORNEY

-6-

ATTACHMENT # 2

I

TORO, Ramon
Docket No, 02 CR 7-1

1    PART A. THE OFFENSE

2    <u>Charge(s) and Conviction(s)</u>

3    On January 2, 2002, Ramon Toro was arrested by Federal Bureau of Investigation (FBI) special
4    agents and charged with conspiracy to possess a controlled substance, in violation of 21 U.S.C. §846.
5    On that date, a criminal complaint was filed in the Northern District of Illinois, Eastern Division,
6    charging Ramon Toro with knowingly and intentionally conspiring with others, both known and
7    unknown, to possess with intent to distribute mixtures containing Phencyclidine (commonly known
8    as "PCP"), a Schedule III Narcotic Drug Controlled Substance, and did aid and abet said conspiracy,
9    in violation of 21 U.S.C. §846.  On January 2, 2002, the defendant made his initial appearance, in
10   response to his arrest, before the Honorable Edward A. Bobrick, at that time the preliminary
11   examination was set for January 7, 2002.

12   On January 7, 2002, the defendant appeared before the Honorable Edward A. Bobrick for
13   preliminary examination.  On that date, the Court entered a finding of probable cause and the
14   defendant was ordered bound to the United States District Court pending further proceedings.

15   On March 28, 2002, a Special Grand Jury for the Northern District of Illinois returned a three-count
16   indictment charging the defendant with two counts of conspiring to possess with intent to distribute
17   and controlled substance (Counts One and Two), in violation of 21 U.S.C. §846, and one count of
18   use of a telephone in the commission of a felony, in violation of 21 U.S.C. §843(b).

19   Count One of the indictment specifically charges that, beginning at least as early as June 2001, and
20   continuing until on or about December 16, 2001, at Chicago, in the Northern District of Illinois,
21   Eastern Division, and elsewhere, Ramon Toro, also known as "Junior," "J.R.," and "J," conspired
22   and agreed with Christine Williams, and others known and unknown to the Grand Jury, to possess
23   with intent to distribute and to distribute a controlled substance, namely, in excess of one kilogram
24   of mixtures containing phencyclidine ("PCP"), a Schedule III Narcotic Drug Controlled Substance,
25   in violation of 21 U.S.C. §841(a)(1).

26   It was part of the of the conspiracy that Defendant Toro and Christine Williams agreed that
27   Defendant Toro would purchase and obtain wholesale quantities of PCP from Christine Williams
28   for resale to others.  Defendant Toro and Christine Williams typically communicated by telephone,
29   using coded language to discuss the terms of their PCP transactions and to confirm the locations at
30   which these transactions were to occur.

31   It was further part of the conspiracy that Defendant Toro regularly purchased and obtained wholesale
32   quantities of PCP from Christine Williams, at locations in Chicago, Illinois, for resale to others.
33   Additionally, Defendant Toro misrepresented, concealed, and hid, and caused to be misrepresented,



*ATTACHMENT #3*

LIMITED OFFICAL USE

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF NORTHERN ILLINOIS
DISTRICT: 24 OFFICE: CHI
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: TORO, RAMON
USMS NUMBER: 20708424

## I. IDENTIFICATION DATA

| USMS NUMBER: 20708424 | | | | NAME: TORO, RAMON | |
| ADDRESS: 2455 N SPRINGFIELD CHGO, 1L | | | | PHONE: | |
| DOB: 07/24/1975 | | AGE: 32 | | POB: XX | |
| SEX: M | RACE: W | HAIR: BLK | EYE: BRO | HEIGHT: 508 | WEIGHT: 180 |
| SSN: 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 | | FBI NBR: | | ALIEN NBR: | |

| DETAINER DATE | ACTIVE | AGENCY | REMARK |
|---|---|---|---|
| **/**/**** | N | | |

| PRISONER ALIAS | ALIAS REMARK |
|---|---|
| NONE | |

## II. CASE INFORMATION

| CTR | STATUS | COURT CASE NUMBER | FEDERAL COURT CITY | JUDGE | US ATTORNEY | DEFENSE ATTORNEY |
|---|---|---|---|---|---|---|
| 1 | RL-BOP | 02 CR 7 | CHICAGO | GOTTSCHALL, JOAN | | |

| CTR | ARREST DATE | ARRESTING AGENCY | ARREST LOCATION | WARRANT NUMBER |
|---|---|---|---|---|
| 1 | 01/02/2002 | FEDERAL BUREAU OF INVESTIGATION | | |

| CTR | OFFENSE CODE | OFFENSE | REMARK | DISPOSITION |
|---|---|---|---|---|
| 1 | 3599 | DANGEROUS DRUGS | | CONVICTED |

| CTR | SENTENCE DATE | SENTENCE | APPEAL DATE |
|---|---|---|---|
| 1 | 07/02/2003 | 240 MTHS 10 MTHS SUP REL | **/**/**** |

## III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|---|---|---|---|---|---|
| 1 | WT-TRIAL | 01/02/2002 | 01/02/2002 | **/**/**** | |
| 1 | WT-SENT | 12/19/2002 | **/**/**** | **/**/**** | GUILTY AT TRIAL |
| 1 | WT-J/C | 07/02/2003 | **/**/**** | **/**/**** | SENT 240 MONTHS |
| 1 | WT-DESIG | 08/18/2003 | **/**/**** | **/**/**** | J/C TO MCC |
| 1 | WT-MOVE | 08/27/2003 | **/**/**** | **/**/**** | DI FCI PEKIN |
| 1 | RL-BOP | 09/03/2003 | **/**/**** | 09/03/2003 | |

8



LIMITED OFFICAL USE

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF NORTHERN ILLINOIS
DISTRICT: 24 OFFICE: CHI
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: TORO, RAMON
USMS NUMBER: 20708424

## IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| CCC | MCC CHICAGO | 01/02/2002 | 06/07/2002 | 156 | |
| 5QD | KENOSHA CO. JAIL WI | 06/07/2002 | 07/31/2002 | 54 | |
| CCC | MCC CHICAGO | 07/31/2002 | 09/17/2002 | 48 | |
| 7WV | DODGE CO JAIL (E/WI) | 09/17/2002 | 10/02/2002 | 15 | |
| CCC | MCC CHICAGO | 10/02/2002 | 10/16/2002 | 14 | |
| 7WV | DODGE CO JAIL (E/WI) | 10/16/2002 | 12/03/2002 | 48 | |
| CCC | MCC CHICAGO | 12/03/2002 | 01/08/2003 | 36 | |
| 5QD | KENOSHA CO. JAIL WI | 01/08/2003 | 04/01/2003 | 83 | |
| CCC | MCC CHICAGO | 04/01/2003 | 09/03/2003 | 155 | |
| | | | TOTAL DAYS BOARDED | 609 | |

## V. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|
| **/**/**** | | |

9

ATTACHMENT # 4

AO 245C (Rev. 3/01) Sheet 1 — Amended Judgment in a Criminal Case    Case 1:02-cr-00007    Document 76    Filed 09/09/2003    Page 1 of 11    (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

NORTHERN                    District of    ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA
### V.

RAMON TORO

**Date of Original Judgment:** 7/2/03
(Or Date of Last Amended Judgment)

## Reason for Amendment:

☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.

■ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**Case Number:**    02 CR 7

NISHAY KUMAR SANAN
Defendant's Attorney

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

■ was found guilty on count(s)    S1, S2, S3, S4 AND S5 after a plea of not guilty.

DOCKETED
SEP 18 2003

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§846 and 851 | Conspiracy to Possess with Intent to Distribute a Controlled Substance | 1/2002 | One |
| 21 U.S.C. §§846 and 851 | Conspiracy to Possess with Intent to Distribute a Controlled Substance | 1/2002 | Two |

The defendant is sentenced as provided in pages 2 ———— 3 ———— of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: July 24, 1975

Defendant's USM No.: 20708-424

Defendant's Residence Address:
Kenosha County Jail

1000 55th Street

Kenosha, Wisconsin 53140

Defendant's Mailing Address:
Same as above

September 9, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

Joan B. Gottschall - District Court Judge
Name and Title of Judicial Officer

SEP 16 2003
Date

76

Case 1:02-cr-00007    Document 76    Filed 09/09/2003    Page 2 of 11

AO 245C    (Rev. 3/01) Amended Judgment in a Criminal Case
Sheet 1A

(NOTE: Identify Changes with Asterisks)

DEFENDANT:        RAMON TORO
CASE NUMBER:      02 CR 7

Judgment — Page   2   of   3

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§843(b) and 851 | Use of a Telephone in the Commission of a Felony | 1/2002 | Three |
| 21 U.S.C. §§841(a)(1) and 851 | Possession with Intent to Distribute a Controlled Substance | 1/2002 | Four and Five |

AO 245C    (Rev. 3/01) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks)

| DEFENDANT: | RAMON TORO | Judgment — Page ___3___ of ___3___ |
|---|---|---|
| CASE NUMBER: | 02 CR 7 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of   240 months, on Counts One          .

- ■ The court makes the following recommendations to the Bureau of Prisons:
  THAT DEFENDANT BE DESIGNATED TO FCI, PEKIN OR MILAN.

  **\* THAT DEFENDANT PARTICIPATE IN THE COMPREHENSIVE DRUG TREATMENT PROGRAM DURING HIS TERM OF IMPRISONMENT.**

- ■ The defendant is remanded to the custody of the United States Marshal.

- ☐ The defendant shall surrender to the United States Marshal for this district:
  - ☐ at _____ ☐ a.m. ☐ p.m.   on _____.
  - ☐ as notified by the United States Marshal.

- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - ☐ before 2 p.m. on _____.
  - ☐ as notified by the United States Marshal.
  - ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev 3/01) Amended Judgment in a Criminal Case
Sheet 2A — Imprisonment

(NOTE: Identify Changes with Asterisks (\*))

AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 1    Case 1:02-cr-00007    Document 76    Filed 09/09/2003    Page 4 of 11

# UNITED STATES DISTRICT COURT

NORTHERN    District of    ILLINOIS, EASTERN DIVISION

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | (For Offenses Committed On or After November 1, 1987) |
| RAMON TORO | Case Number:    02 CR 7 |

NISHAY KUMAR SANAN
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

■ was found guilty on count(s)    S1, S2, S3, S4 and  S5
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§846 and 851 | Conspiracy to Possess with Intent to Distribute a Controlled Substance | 1/2002 | One |
| 21 U.S.C. §§846 and 851 | Conspiracy to Possess with Intent to Distribute a Controlled Substance | 1/2002 | Two |
| 21 U.S.C. §§843(b) and 851 | Use of a Telephone in the Commission of a Felony | 1/2002 | Three |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

JULY 2, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

Joan B. Gottschall - District Court Judge
Name and Title of Judicial Officer

July 8, 2003
Date

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 1A — Case 1:02-cr-00007    Document 76    Filed 09/09/2003    Page 5 of 11

DEFENDANT:    RAMON TORO
CASE NUMBER:    02 CR 7

Judgment—Page  2  of  8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§841(a)(1) and 851 | Possession with Intent to Distribute a Controlled Substance | 1/2002 | Four and Five |

AO 245B    (Rev. 3/01) Judgment in Criminal Case
Sheet 2 — Imprisonment

Case 1:02-cr-00007    Document 76    Filed 09/09/2003    Page 6 of 11

DEFENDANT:        RAMON TORO                                    Judgment — Page _3_ of _8_
CASE NUMBER:      02 CR 7

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of ___240 months, on Counts One,___ .

```
                 continue to page four for additional imprisonment terms
```

■    The court makes the following recommendations to the Bureau of Prisons:
      THAT DEFENDANT BE DESIGNATED TO FCI, PEKIN OR FCI MILAN.

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____ ☐ a.m.  ☐ p.m.    on _____

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

15

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 2A — Imprisonment    CASE 02-cr-00007    Document 76    Filed 09/09/2003    Page 7 of 11

DEFENDANT:    RAMON TORO    Judgment—Page  4  of  8
CASE NUMBER:    02 CR 7

## ADDITIONAL IMPRISONMENT TERMS

Two, Four and Five and 96 months, on Count Three, all counts to run concurrently.

IT IS HEREBY FURTHER ORDERED THAT COSTS OF IMPRISONMENT ARE WAIVED.

*ATTACHMENT # 5*

20

TORO, Ramon
Docket No. 02 CR 7-1

584  Additional bottles of the liquid substances were observed near said sock. The defendant was charged
585  with possession of a controlled substance (Count One), failure to display a front license plate (Count
586  Two), no driver's license (Count Three), no automobile insurance (Count Four), and failure to wear
587  a seat belt (Count Five). On September 2, 1999, the case was transferred to the criminal division.

588  On September 8, 1999, a two-count indictment was filed in the Circuit Court of Cook County,
589  Illinois, charging the defendant with manufacturing/delivering a controlled substance (Count One)
590  and possession with intent to deliver a controlled substance (Count Two). On February 24, 2000,
591  the Court entered a finding of not guilty to Count 1 of the indictment. The defendant was
592  represented by legal counsel in this case.

593  According to the information supplied by the Illinois Department of Corrections, the defendant was
594  paroled on April 28, 2000. However, after committing the subsequent offense of possession of a
595  controlled substance, on August 2, 2000 and August 3, 2000, which later became Counts Four and
596  Five of the instant federal offense, the defendant was returned, on August 16, 2000, to custody of
597  the Illinois Department of corrections. The above-referenced case was discharged on December 22,
598  2000.

| 599 | 4/5/01 | Ct. 2: Battery; | 4/30/01: Pled | 4A1.1(c) | 1 |
| 600 | (Age: 25) | Ct. 3: Resisting Arrest, Circuit Court of Cook County, Illinois (Docket No. 01-1-185355-01) | Guilty/Found Guilty, Sentenced to 25 Days Jail, Time Considered Served | | |

601  The above information was obtained from the Circuit Court of Cook County, Illinois Clerk's
602  Information System and court documents. According to the arrest report, officers with the Chicago,
603  Illinois Police Department, upon responding to a call of domestic violence, placed the defendant
604  under arrest after the victim signed a criminal complaint. Arresting officers observed scratches and
605  bruises on the victim's arm, purportedly caused by the defendant. At the time of arrest, officers
606  learned that there was an active warrant for the defendant's arrest, based on a charge of criminal drug
607  conspiracy, issued in the Circuit Court of Cook County, Illinois, Docket Number 01-1-119048-01.
608  The defendant was subsequently placed under arrest and transported to a police station. While
609  officers were attempted to assist the defendant out of the police vehicle, once they arrived at the
610  police station, the defendant kicked one of the arresting officers in the leg, pushing the officer into
611  a parked vehicle. Arresting officers then used minimal force to control the defendant who, according
612  to the officers' account, was resisting a peace officer.

613  The defendant was subsequently charged with domestic battery (Count One), battery (Count Two),
614  and resisting a peace officer (Count Three). This case appeared in Court on April 18, 2001, at which

*ATTACHMENT # 6*

# COOK COUNTY DEPARTMENT OF CORRECTIONS

Michael F. Sheahan
Sheriff



2700 South California
Chicago, Illinois 60608

Verification of Incarceration

CCDOC # _01-0027282_          Date: _4-3-06_

RE: _TORO, RAMON_

ALIAS: _____

DOB _7-24-75_

SSN # _____

IR # _1095451_

To whom it may concern

Pursuant to your request the following information is submitted:

Date Entered: _4-6-01_                How Released: _BOND_

Date Released: _5-25-01_              Court: _CRIMINAL_

Case / Indictment #: _W 01CR05852 -13_

Charge: _CALC CRIM DRUG CONSP_
_DOM BATT/B.A_

Electronic Monitoring / Day Reporting

From: _____  To: _____
From: _____  To: _____        Office of Old Records
From: _____  To: _____        M. Rago Supervisor
                                           773-843-6150

Completed By _____

18

ATTACHMENT # 7

```
  PHKCD  540*23 *            SENTENCE MONITORING              *   09-04-2003
  PAGE 002 OF 002 *          COMPUTATION DATA                 *   12:01:26
                             AS OF 09-04-2003

REGNO..: 20708-424 NAME: TORO, RAMON


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-04-2003 AT PHK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN.........: 07-02-2003
TOTAL TERM IN EFFECT...........: 240 MONTHS
TOTAL TERM IN EFFECT CONVERTED..: 20 YEARS
EARLIEST DATE OF OFFENSE.......: 01-01-2002

JAIL CREDIT....................:   FROM DATE       THRU DATE
                                   01-02-2002      07-01-2003

TOTAL PRIOR CREDIT TIME........: 546
TOTAL INOPERATIVE TIME.........: 0
TOTAL GCT EARNED AND PROJECTED..: 940
TOTAL GCT EARNED...............: 54
STATUTORY RELEASE DATE PROJECTED: 06-06-2019
SIX MONTH /10% DATE............: 12-06-2018
EXPIRATION FULL TERM DATE......: 01-01-2022


PROJECTED SATISFACTION DATE....: 06-06-2019
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

*ATTACHMENT #8*

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Toro, Ramon | 20708-424 | Illinois 1 | FCI Pekin |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

On June 12, 2006, I filed a BP-8 Request for Administrative Remedy. In the BP-8 I sought a new "Sentencing Monitoring Computation Data Sheet" to reflect jail credit of an additional forty-nine (49) days that I previously served between April 6, 2001 to May 25, 2001, in Cook County, Illinois. The BP-8 response denied my request and stated that this jail credit was not related to my federal charge and was prior to the date of my federal offense. For the following reasons I again request credit for these forty-nine (49) days. First, this jail credit was for an Illinois State case of criminal drug conspiracy. See attachment "B", BP-8. As the transcripts reveal, this case was dropped by Illinois because I had been indicted on the identical charge in federal court. Thus, contrary to the BP-8 response, the jail credit was entirely related to my federal instant offense. Second, although tha jail credit was prior to the date of my federal indictmant, it was not prior to my federal instant offense. The same conduct for which I was charged in State Court was the basis for my federal offense. Whether I served this time before my federal indictment was issued is irrelevent to the question of whether I should receive this jail credit. Lastly, the BP-8 response has the appearance that my

| 7-02-06 | Ramon Toro 20708-424 |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

_____    _____
DATE                                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C- RECEIPT**

CASE NUMBER: 419359-F1

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____    _____
DATE                                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

## CONTINUATION

See Attachment "A". Report of Proceedings. Nevertheless, I served 49 days in county jail on the state charge which should be credited towards my federal sentence. See Attachment "B", Verification of Incarceration on Case No.: WO1CRO5852-13. Since the Illinois State and the Federal cases were essentially the same I should receive 49 days jail credit.

Ramon Toro
Reg. No.: 20708-424
Federal Correctional Institution
P. O. Box 5000
Pekin, IL., 61555-5000

Part B - Response
Administrative Remedy #419359-F1

This is in response to your Request for Administrative Remedy in which you allege your current sentence computation is incorrect. You request that you receive jail credit from April 6, 2001 through May 25, 2001.

An investigation into this matter revealed that you were arrested for Battery, Resisting Arrest and an active warrant for drug charges out of the Circuit Court of Cook County on April 6, 2001. You were then transported to the Cook County Jail and held until May 25, 2001, at which time you were released on bond for the drug charges. For the Battery and Resisting Arrest charges, you were sentenced on April 30, 2001 to 25 days time served. This arrest was prior to the date of federal offense and per the United States Probation Officer was not related to the federal offense. Based on this information you are not entitled to this jail credit pursuant to 18:3585(b) "Credit for prior custody a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1): as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed: that has not been credited against another sentence."

Based on the above, your request for relief is denied. If you are not satisfied with this response, you may appeal on the appropriate form to the Regional Director within twenty days of the date of this response.

R. V. Veach, Warden

7/20/06
Date

ATTACHMENT # 9

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Toro, Ramon__ _____ __20708-424__ _____ __Illinois 1__ ___ __FCI Pekin__
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT     INSTITUTION

Part A—REASON FOR APPEAL

    On July 20,2006, the Warden denied my BP-9 request. The BP-9 requested that a new "Sentencing Monitoring Computation Data Sheet" to reflect an additional forty-nine, (49) days of jail credit that I served in Cook County, Illinois. The warden denied the request because he believed this credit for jail time was related to a different state case instead of my instant federal case. However, the documents I submitted in support clearly show that the time I served in Cook County was for drug conspiracy - which was subsequently dropped because I was federally indicted for the same offense. Therefore, under 18 U.S.C. § 3585(b) I should receive forty-nine (49) days for the time I served in Cook County on the charge of drug conspiracy.

_____
DATE

_____
SIGNATURE OF REQUESTER

Part B—RESPONSE

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal
Part B - Response**

Admin Remedy Number: 419359-R1

This is in response to your Regional Administrative Remedy Appeal dated August 2, 2006, wherein you claim you did not receive 49 days jail credit for time spent in the Cook County Jail from April 6, 2001, through May 25, 2001. For relief, you request that credit be awarded.

We have reviewed your appeal and relevant documentation. We find that the jail credit you have requested is inapplicable for award. The dates you request credit for were prior to the date of your federal offense. In addition, the United States Probation Officer verified with institution staff that the charges for which you spent time in the Cook County Jail are not related to your federal offense.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

9/6/06
Date

Michael K. Nalley, Regional Director

ATTACHMENT #10

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Toro, Ramon**                              **20708-424**          **Illinois 1**       **FCI Pekin**
　　　　LAST NAME, FIRST, MIDDLE INITIAL               REG. NO.                UNIT              INSTITUTION

**Part A—REASON FOR APPEAL**  On September 6, 2006, my Regional Administrative Remedy Appeal (BP-10) was denied. However, I did not receive the denial here at FCI Pekin until September 19, 2006. In this BP-11 I am requesting jail credit of twenty-five (25) days for time served between April 30, 2001, through May 25, 2001, in Cook County jail. I also request that a new Sentencing Data Computation Sheet reflect a credit of twenty-five (25) days.
　　On April 6, 2001, I was arrested in Cook County, Illinois, on the charges of Battery, Resisting Arrest and on a warrant for a drug conspiracy. I was transported to the Cook County jail where I was held until May 25, 2001, at which time I was released on bond. For the Battery and Resisting Arrest charges I was sentenced on April 30, 2001, to 25 days time served. See Verification of Incarceration and Sentencing Calculation Sheet from the Cook County Department of Corrections, attached on my BP-8. The time served between April 30, 2001 to May 25, 2001, was not credited against another sentence.
　　On December 2, 2002, I appeared before the Circuit Court of Cook County, on the state drug conspiracy charge. At that time it was noted that I had been indicted on a federal conspiracy charge. In light of the federal conspiracy

**10 - 04 - 06**                                             **Ramon Toro**
　　　DATE                                               SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

Administrative Remedy Section

_____
　　　DATE                                                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: **419359-A1**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Part C—RECEIPT**                                        CASE NUMBER: _____

Return to: _____
SUBJECT: _____LAST NAME, FIRST, MIDDLE INITIAL___      REG. NO.        UNIT        INSTITUTION

_____
　　　DATE                                      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

25

BP-11
(Continuation)
Toro, Ramon
Reg. No. 20708-424

indictment, the State dismissed their drug conspiracy charge against me.

Under Title 18, United States Code, Section 3585(b), I am entitled to the twenty-five (25) days. First, the twenty-five (25) days served was a result of the offense for which I was sentenced in federal court. Both the state and federal drug conspiracy charges arose from the same conduct. See § 3585(b)(1). Second, the time served between April 30, 2001 through May 25, 2001, occurred after the commission of my federal offense and that time was never credited against another sentence. See § 3585(b)(2). Therefore, there is no dispute that the twenty-five (25) days I seek qualify for credit. See generally, Kaylez v. Gasale, 993 F.2d 1288, 1289 (7th Cir. 1993).

10-04-06
Date

Reimon Toro
Signature of Requester

-2-

**Administrative Remedy No. 419359-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contend that your federal sentence should reflect additional prior custody credit, specifically, from April 30, 2001, through May 25, 2001.

You provide no new information in this matter beyond that which you supplied in your Request for Administrative Remedy at the Institution and Regional Office levels. A review of your record indicates you committed your federal offenses between June of 2001 and January 2, 2002. Federal statute precludes the application of prior custody credit for time spent in custody prior to the commission of the federal offense based on unrelated charges. Your federal sentence has been computed as directed by federal statute, case law and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>.

Your appeal is denied.

_November 8, 2006_
Date

Harrell Watts, Administrator
National Inmate Appeals

*ATTACHMENT #11*

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14

    **c.  Prior Custody Time Credit.**  The SRA includes a new statutory provision, 18 U.S.C. § 3585(b), that pertains to "credit for prior custody" <u>and is controlling for making time credit determinations for sentences imposed under the SRA</u>.  Title 18 U.S.C. § 3568, repealed effective November 1, 1987, as implemented by the <u>"Old Law" Sentence Computation Manual</u>, remains the controlling statute for all sentences imposed for offenses that occurred on or after September 20, 1966 up to November 1, 1987.

    <u>Statutory Authority</u>:  Prior custody time credit is controlled by 18 U.S.C. § 3585(b), and states, "**A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--**

        **(1) as a result of the offense for which the sentence was imposed; or**

        **(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;**

    **that has not been credited against another sentence."**

<u>Definitions</u>:

    **Raw EFT:**  The Raw EFT for both a federal and non-federal sentence is determined by adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence (**Raw EFT**) that does not include any time credit, e.g., presentence or prior custody time or good time.  (Inoperative time that may affect either the state or federal **Raw EFT** shall be referred to the RISA for assistance.)

ATTACHMENT #12

```
    DSC66   540*23  *              SENTENCE MONITORING         *      08-15-2007
 PAGE 001             *             COMPUTATION DATA           *      12:20:29
                                    AS OF 08-15-2007

 REGNO..: 20708-424 NAME: TORO, RAMON


 FBI NO...........: 296923XA8         DATE OF BIRTH: 07-24-1975
 ARS1.............: PEK/A-DES
 UNIT.............: ILLINOIS          QUARTERS.....: A01-135L
 DETAINERS........: NO                NOTIFICATIONS: NO

 PRE-RELEASE PREPARATION DATE: 11-12-2018

 THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
 THE INMATE IS PROJECTED FOR RELEASE:  05-12-2019 VIA GCT REL

 --------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

 COURT OF JURISDICTION...........: ILLINOIS, NORTHERN DISTRICT
 DOCKET NUMBER...................: 02 CR 7
 JUDGE...........................: GOTTSCHALL
 DATE SENTENCED/PROBATION IMPOSED: 07-02-2003
 DATE COMMITTED..................: 09-03-2003
 HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
 PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
 NON-COMMITTED.: $500.00        $00.00          $00.00       $00.00

 RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

 ---------------------CURRENT OBLIGATION NO: 010 --------------------------
 OFFENSE CODE....: 391
 OFF/CHG: 21:846/851/843 CONSPIRACY TO PWITD CONTROLLED SUB & USE OF
          A TELEPHONE IN COMMISSION OF A FELONY/CTS 1-5 ALL C/C

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  240 MONTHS
 TERM OF SUPERVISION.............:   10 YEARS
 DATE OF OFFENSE.................: 08-02-2000




 G0002      MORE PAGES TO FOLLOW . . .
```

```
  DSC66   540*23 *                 SENTENCE MONITORING                        08-15-2007
  PAGE 002 OF 002 *                COMPUTATION DATA          *                12:20:29
                                   AS OF 08-15-2007          *
 REGNO..: 20708-424  NAME: TORO, RAMON


 ------------------------CURRENT COMPUTATION NO: 010 -------------------------
 COMPUTATION 010 WAS LAST UPDATED ON 08-15-2007 AT DSC AUTOMATICALLY
 COMPUTATION CERTIFIED ON 08-15-2007 BY DESIG/SENTENCE COMPUTATION CTR

 THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
 CURRENT COMPUTATION 010: 010 010

 DATE COMPUTATION BEGAN..........: 07-02-2003
 TOTAL TERM IN EFFECT............:   240 MONTHS
 TOTAL TERM IN EFFECT CONVERTED..:    20 YEARS
 EARLIEST DATE OF OFFENSE........: 08-02-2000

 JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                     05-01-2001     05-25-2001
                                     01-02-2002     07-01-2003
 TOTAL PRIOR CREDIT TIME.........: 571
 TOTAL INOPERATIVE TIME..........: 0
 TOTAL GCT EARNED AND PROJECTED..: 940
 TOTAL GCT EARNED................: 270
 STATUTORY RELEASE DATE PROJECTED: 05-12-2019
 SIX MONTH /10% DATE.............: N/A
 EXPIRATION FULL TERM DATE.......: 12-07-2021


 PROJECTED SATISFACTION DATE.....: 05-12-2019
 PROJECTED SATISFACTION METHOD...: GCT REL

 REMARKS.......: 8/15/07 COMP UPDATED BY DSCC TO AWARD ADDITIONAL B2 JAIL TIME
                 CREDIT. DATE OF OFFENSE CHANGED TO 8-2-00.




 G0000       TRANSACTION SUCCESSFULLY COMPLETED
```