**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| RAMON TORO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 07-cv-1083 |
| | ) |
| J. C. ZUERCHER, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Before the Court are the Petition for a Writ of Habeas Corpus filed by Petitioner, Ramon Toro, on April 9, 2007 [Doc. 1] and the Motion to Dismiss filed by Respondent, J. C. Zuercher, on August 22, 2007 [Doc. 6]. For the reasons set forth below, the Motion to Dismiss is GRANTED.

The facts in this matter are undisputed. Petitioner currently is serving a 240 month term of imprisonment at the Federal Correctional Institution in Pekin, Illinois. Petitioner was arrested on an unrelated state charge on April 6, 2001. He was released on bond on May 25, 2001. He subsequently was sentenced on the state charge to 25 days imprisonment, time having been served. He subsequently was indicted by a federal grand jury for possession with the intent to distribute and the distribution of controlled substances (and related charges) on August 2, 2000, August 3, 2000, January 2, 2002, and June, 2001 to December, 2001. He was arrested on these charges on January

2, 2002 and sentenced on September 9, 2003. The Bureau of Prisons did not credit against his federal sentence the time spent in state custody from May 1, 2001 to May 25, 2001. Petitioner seeks to have this time credited against his federal sentence.[1]

Respondent acknowledges in his Motion that Petitioner should have been credited 25 days pursuant to 18 U.S.C. § 3585(b) as that term of imprisonment was "a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." Id. Thus, Respondent indicates that the Bureau of Prisons has updated Petitioner's records and he has received credit for the time spent in custody from May 1, 2001 to May 25, 2001. Petitioner's new projected release date is May 12, 2019. Petitioner has not responded to the Motion to Dismiss -- the Court assumes that he is in agreement with Respondent's representations. See Local Rule 7.1(B)(2) ("If no response [to a Motion to Dismiss] is timely filed, the presiding judge will presume there is no opposition

---

[1] Petitioner states that he should be credited for time served from April 30, 2001 to May 25, 2001, a total of 26 days. However, he was sentenced on April 30, 2001 to 25 days (by the state court) – April 6, 2001 to April 30, 2001 is 25 days. Therefore, time spent in jail from the next day, May 1, 2001, to May 25, 2001 is the appropriate time period.

to the motion and may rule without further notice to the parties.").

For the foregoing reasons, the Petition for a Writ of Habeas Corpus filed by Petitioner, Ramon Toro, on April 9, 2007 [Doc. 1] is DISMISSED AS MOOT and the Motion to Dismiss filed by Respondent, J. C. Zuercher, on August 22, 2007 [Doc. 6] is GRANTED.

CASE TERMINATED

Entered this  24th  day of September, 2007

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                    United States District Judge